UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK SWEATT,

    Plaintiff,

v.

SAMUEL PHILIPP, JEREMIAH WHEELER, individually and in their capacity as officers of the Blackman Township Police Department, BRANDON TRIPP, TRIPPS AUTO SHOP & COLLISION CENTER, INC., d/b/a THE AUTO SHOP,

    Defendants.

_____ /

Case No. 22-12561

F. Kay Behm
U.S. District Judge

## OPINION AND ORDER DENYING PLAINTIFF'S RULE 60(B) MOTION (ECF NO. 53)

**I.    PROCEDURAL HISTORY**

Plaintiff, Derek Sweatt, brought this action against two police officers and his former employer, alleging claims of malicious prosecution under state and federal law. The court granted Defendants' motions for summary judgment. Plaintiff has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6). For the reasons explained below, Plaintiff's motion is denied.

II.     ANALYSIS

    A.     <u>Standard of Review</u>

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief may be granted under Rule 60(b)(1) "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted). The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) is properly

invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id.*

The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

   B. <u>Malicious Prosecution Claim against Philipp and Wheeler</u>

Plaintiff's former employer, Tripps Auto Shop, accused him of stealing tools from the workplace. Blackman Township police officers Samuel Philipp and Jeremiah Wheeler investigated, prepared reports, and submitted their materials to the prosecutor, who initiated a charge of larceny of more than $200, but less than $1000 (M. C. L. § 750.356(4)(a)). Subsequently, the charges were dropped because the prosecutor was unable to prove the case "beyond a reasonable doubt." Plaintiff then filed malicious prosecution claims against Tripps Auto and Brandon Tripp, as well as Officers Philipp and Wheeler.

The court concluded that the malicious prosecution claims against the officers were subject to dismissal because Plaintiff did not establish that that the officers knowingly submitted false or incomplete information to the prosecutor. ECF No. 51 at PageID 450-53; *see Sykes v. Anderson*, 625 F.3d 294, 314 (6th Cir. 2010) ("[A]n officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's *truthful* materials.") (emphasis in original). Plaintiff argues that the court erred by finding that the officers submitted truthful information to the prosecutor.

In attempting to show falsity, Plaintiff suggests that the officers' reports were inconsistent with the interviews that were recorded on their body cameras. The record does not support this characterization. ECF No. 32-5 (Wheeler Report), 32-6 (Wheeler Supp. Report), 32-7 (Philipp Report), 34 (Wheeler Bodycam Transcript). The officers note in their reports that they are *summaries* and "[f]or a verbatim/exact account of the details see my body camera footage," or "refer to the audio/video recording." ECF Nos. 32-5, 32-6, 32-7. Other than quibbling with language of the summaries, Plaintiff has not identified how the officers' reports and the recordings are materially different. Moreover, these materials were

4

provided to the prosecutor, and there is no evidence that the prosecutor did not make an independent determination whether to file charges.

Plaintiff contends that the following statement from Wheeler's report was untrue: "I was dispatched to a larceny of tools report in which *a former employee was caught on camera stealing tools* from his place of employment." ECF No. 32-5 at PageID 222 (emphasis added). But the transcript from Wheeler's body camera confirms that this is what Brandon Tripp reported to him: "A former employee . . . stole some tools, from us. I have him on video." ECF No. 34 at PageID 319.

According to Plaintiff, the security video did not show him taking tools, but only that he had a small tool bag. As the court noted in its opinion, however, Plaintiff cannot use the alleged contents of the video to demonstrate that the police officers' reports were false because the video is not in the record. ECF No. 51 at PageID 450. Plaintiff suggests that the court erred by viewing this absence of evidence in Defendant's favor. ECF No. 53 at PageID 475. In reviewing a motion for summary judgment, the court is tasked with viewing the *evidence* in the non-moving party's favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The court cannot, however, create inferences in a party's

5

favor based upon evidence that is not in the record.[1] *See id.* ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

Plaintiff also claims that Wheeler's supplemental report "made an untrue statement that Sweatt admitted to taking tools, and this false statement made it appear Plaintiff had confessed to taking $500 worth of tools when in fact he had never said that." ECF No. 53 at PageID 468. The supplemental report says no such thing. ECF No. 32-6. Rather, Wheeler states that Sweatt "informed me that he borrowed some tools from the shop," "claimed that he returned all of the tools at this point," and "denied any intention of stealing anything." *Id.* Plaintiff's side of the story was presented in the report. Plaintiff's claim that the officers supplied false or incomplete information to the prosecutor is clearly contradicted by the record. Further, even when Plaintiff's explanation or denial is considered, Brandon Tripp's accusation that Plaintiff stole $500 worth of tools is sufficient to establish probable cause. *See Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) ("An

---

[1] Plaintiff does not claim that the video was lost or destroyed. *See Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (noting that an adverse inference for evidence spoliation may be appropriate when a party's culpable conduct led to its loss or destruction).

eyewitness identification will constitute sufficient probable cause" unless there is reason to believe the witness is lying or mistaken.).

Plaintiff also argues that the court made "erroneous findings that tools were stolen." ECF No. 53 at PageID 468. Plaintiff takes issue with the court's recitation that "Sweatt admitted he took the bag and other tools to work on his vehicle over the weekend. . . . Sweatt claimed he borrowed tools from the business, and Mr. Tripp had given him a jump box, a tool for starting cars, to use over the weekend." *Id.*; ECF No. 51 at PageID 443. However, Plaintiff does not identify how these facts, gleaned from the record, are inaccurate. Moreover, the court's decision is not based upon any alleged admission of wrongdoing by Plaintiff or a finding that tools were actually stolen. Rather, it is based upon the fact that the police provided complete and truthful information to the prosecutor, as received from Plaintiff and Tripp. And because Plaintiff has not shown that the officers knowingly provided false information to or withheld information from the prosecutor, his malicious prosecution claim must fail. In this regard, Plaintiff has not identified an error warranting relief under Rule 60(b).

C. <u>Malicious Prosecution Claim against Tripp and Tripps Auto</u>

With respect to the state law malicious prosecution claim against Brandon Tripp and Tripps Auto, the court concluded that Plaintiff failed to produce

7

evidence that Defendants "made false statements, willfully concealed facts, or improperly pressured the prosecutor to brings charges against Sweatt." ECF No. 51 at PageID 457. A claim for malicious prosecution may not proceed against a private individual "[u]nless the information furnished was known by the giver to be false and *was the information on which the prosecutor acted.*" *Matthews v. Blue Cross & Blue Shield of Michigan*, 456 Mich. 365, 385 (1998) (emphasis in original). "The prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution." *Id.* at 384.

Plaintiff attempted to demonstrate that Brandon Tripp knowingly supplied false information to the police by presenting a transcript of an interview of Tripp, in which he allegedly admitted that nothing was stolen. The court declined to consider the transcript, which was unauthenticated and never produced during discovery. ECF No. 51 at PageID 456. Plaintiff argues that the manner in which the transcript was presented was an "excusable mistake." Plaintiff now offers the affidavit of Danella Woods, who avers that she transcribed the Tripp interview based upon her stenographic notes. ECF No. 53-3.

Ms. Woods's affidavit does not assist Plaintiff. Plaintiff's failure to provide this known testimony at the time of summary judgment does not constitute an

8

excusable mistake. *Jinks,* 250 F.3d at 385 ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."). Further, consideration of Ms. Woods's affidavit does not change the fact that Plaintiff did not produce the transcript during discovery.

In addition, contrary to Plaintiff's argument, the transcript does not establish that Brandon Tripp made false statements. Although Plaintiff represents that Tripp "admitted there were no tools taken in the Dewalt tool bag" and "stated nothing was taken," this characterization is not consistent with the transcript. *Compare* ECF No. 53 at PageID 473-74 *with* ECF No. 53-4 ("[H]e also had the Dewalt bag – and I believed at the time that the [b]ag had our tools in it.").

Plaintiff has not shown that Defendants provided knowingly false information that was relied upon by the prosecutor. Because "[t]here was no evidence that the prosecution was initiated other than at the sole discretion of the prosecutor on the basis of an independent investigation," Plaintiff's malicious prosecution claim was properly dismissed. *Matthews*, 456 Mich. at 392. Accordingly, Plaintiff has failed to demonstrate a mistake or excusable neglect warranting relief under Rule 60(b).

## III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion for relief pursuant to Rule 60(b) (ECF No. 53) is DENIED.

SO ORDERED.

Date: March 14, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge